UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIAR CHING CONCEPCION,

       Plaintiff,

v.

SECRETARY  US DEPARTMENT
OF HOMELAND SECURITY,
IMMIGRATION AND CUSTOMS
ENFORCEMENT,  FLORIDA SOFT
SIDE SOUTH, WARDEN;

       Defendants,

Case No. 2:26-cv-01432-KCD-NPM

_____/

## ORDER

Petitioner Eliar Ching Concepcion has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement ("ICE"). (Doc. 1.)[1] He claims that his continued imprisonment violates the Fifth Amendment, and he has been denied procedural due process. (*Id.* at 7-8.) Respondents oppose the petition. (Doc. 14.) For the reasons below, the petition is **DENIED**.

### I. Background

Concepcion is a native of Cuba who entered the United States in 2006 as a refugee. (Doc. 14-1 ¶ 6.) He was ordered removed from the United States

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

in 2022 and placed on an order of supervision when he could not be repatriated to Cuba. (*Id.* at 12.) His supervision was recently revoked, and he was returned to immigration custody on October 30, 2025. (*Id.* ¶ 14.) An informal interview was conducted that day, during which they informed him of the reasons for his revocation. (*Id.*) ICE twice attempted to remove Concepcion to Mexico (February 27, 2026, and March 30, 2026), but according to the record before the Court, he refused. (*Id.* ¶¶ 17, 18.)

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

### A. Fifth Amendment

Concepcion first claims that he is being held in violation of the Fifth Amendment. (Doc. 1 at 7-8.)  The statutory framework for removal works like

2

this: when a noncitizen's removal order becomes final, like here, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas v. Davis*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. 678 (2001). And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a [Due Process] claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Applied here, Concepcion cannot satisfy the initial temporal requirement. True, ICE took him into custody on October 30, 2025, which is beyond six months. But on February 27 and March 30, 2026, Concepcion refused removal to Mexico, which tolls the detention period. (Doc. 14-1 ¶¶ 17, 18.); *see Akinwale*, 287 F.3d at 1052 n.4 (stating that the "removal period shall be extended ... if the alien ... acts to prevent [his] removal subject to an order of removal"); *Quo Zing Song v. U.S. Atty. Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013) ("The six-month period is tolled, however, if the alien acts to prevent his removal."). Thus, Concepcion's challenge to his continued detention fails and he remains within the window in which his detention is presumptively reasonable. *See, e.g., Grigorian v. Bondi*, Case No. 25-CV-22914-RAR, 2025 WL 1895479, at *8 (S.D. Fla. July 8, 2025); *Lopez v. Dir. of Enf't and Removal Operations*, Case No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938, at *12 (M.D. Fla. Jan. 26, 2026); *Guerra-Castro v. Parra*, Case No. 25-cv-22487-GAYLES, 2025 WL 1984300 at *4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months").

## B. Procedural Due Process

Concepcion also presses a procedural due process claim. (Doc. 1 at 8.) He argues Respondents have failed to make findings that he is a flight risk or

4

danger to the community, and he has received no hearing before an immigration judge. (Doc. 1 at 8.)

At its core, the Due Process Clause demands that before the government strips a person of a protected liberty interest, it must provide notice and a meaningful opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). "Due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010).

In the context of revoking a noncitizen's supervised release and detaining him, like here, ICE's regulations strike that constitutional balance by guaranteeing written notice and an informal interview that allows the individual to respond. *See* 8 C.F.R. §§ 241.4(l)(1), 241.13(i). Concepcion received both. (*See* Doc. 14-1 ¶ 14.) He got exactly what the Fifth Amendment requires—notice and a meaningful opportunity to be heard. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

Concepcion's argument that his clean supervision record precludes ICE from revoking his supervision also fails. He is subject to a final removal order that stands uncontested. The INA explicitly authorizes a return to detention to effectuate such orders. 8 C.F.R. § 241.13(i)(2). And the government no doubt has a legitimate interest in doing exactly that—enforcing its laws,

ensuring individuals do not flee, and protecting the public. *See Malam v. Adducci*, 469 F. Supp. 3d 767, 790 (E.D. Mich. 2020). Here, the Government revoked Concepcion's release specifically to enforce his outstanding removal order, gave him notice that they were doing so, and afforded him an informal interview. Returning him to custody served a recognized, legitimate government objective and was done in compliance with the INA's regulations.

The Constitution guarantees a fair process, not a favorable result. Because ICE afforded Concepcion the requisite notice and an opportunity to be heard, his procedural due process claim fails.

### C. Fourth Amendment

Finally, Concepcion argues that he has documented health conditions Respondents failed to consider. (Doc. 1 at 8.) But he provides no authority, or even a legal rationale, that release is available due to such health issues. "[A]bsent a constitutional violation, the decision to release Petitioners—or implement "less harsh measures"—remains with the Attorney General, not the judiciary." *Matos v. Lopez Vega*, 614 F. Supp. 3d 1158, 1173 (S.D. Fla. 2020). "Ultimately, this case involves a determination reserved for the Attorney General who can adequately review the immigration, health, and criminal records of each detainee at every detention center and make reasonably informed decisions as to who may be released." *Id.* at 1174.

## IV. Conclusion

Concepcion's Fifth Amendment challenge to the length of his detention is premature due to his non-cooperation, and the procedural due process claim fails, so the habeas petition must be **DENIED**. However, this denial is without prejudice to Concepcion refiling a new petition should his current detention continue to stall after his cooperation. The Clerk is **DIRECTED** to terminate any pending motions and close the case.

**ORDERED** in Fort Myers, Florida on May 5, 2026.

Kyle C. Dudek
United States District Judge